UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>CARMELINO ESCOBAR MORALES,<br><br>                     Defendant. | No. 17-cr-023 (RJS)<br><u>ORDER</u> |

RICHARD J. SULLIVAN, Circuit Judge:

On June 18, 2020, Defendant Carmelino Escobar Morales moved for release from incarceration so that he may care for his elderly mother. (Doc. No. 100.) Though his letter is not styled as such, the Court has interpreted Defendant's request as one for compassionate release under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). The government opposes Defendant's request on both procedural and substantive grounds. (Doc. No. 101 ("Gov't Ltr.").) Because Defendant has not yet exhausted his administrative remedies, his request is DENIED without prejudice to renewal.

On November 6, 2016, Defendant and three co-defendants were transporting more than a ton of cocaine by boat when they were intercepted by the United States Coast Guard. (*Id.* at 1–2.) During the pursuit, the individuals on board the vessel attempted (unsuccessfully) to conceal their crime by jettisoning the cocaine into the water. (*Id.*) Thereafter, on April 26, 2017, Defendant pleaded guilty, pursuant to a plea agreement, to one count of conspiring to destroy forfeitable property on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(2). (Doc. Nos. 37, 77.) On January 3, 2018, the Court sentenced Defendant to 66 months' imprisonment, slightly below his Sentencing Guidelines range of 70 to 87 months. (Doc.

No. 82 at 16, 57.) Defendant has been incarcerated since then, and is currently housed at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvanian. (Gov't Ltr. at 2.) His projected release date is August 23, 2021. (*Id.*)

Defendant requests that he be released to care for his elderly mother. (Doc. No. 100 at 2.) According to him, his mother, who is 72 years old, is currently ill and living alone. (*Id.*) And though Defendant has seven siblings, he states that he is the only one who can care for her. (*Id.*) The government opposes his request, noting that Defendant "has . . . failed to exhaust his administrative remedies as required under Section 3582(c)." (Gov't Ltr. at 3.) Specifically, the government asserts that Defendant did not submit a request for compassionate release to the Moshannon Valley warden until June 22, 2020. (*Id.*) Moreover, that request is apparently still pending before the Bureau of Prisons (the "BOP"). (*Id.*)

The exhaustion requirement in Section 3582(c)(1)(A) unambiguously "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility." *United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). And "[b]ecause the statutory language is unambiguous and mandatory, it must be strictly enforced." *Id.* (internal quotation marks and alterations omitted).

Here, Defendant sought compassionate release from the Court *before* seeking such relief from the BOP. And even though Defendant has subsequently filed a request with the BOP, he did so only ten days ago. As a result, Defendant has failed to exhaust his available administrative

3

remedies and his request for compassionate release is therefore DENIED without prejudice to renewal.  The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

Dated:	July 2, 2020
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation